IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BUTTE DIVISION

FILED

DEC 08 2017

Clerk, U.S. District Court
District Of Montana
Helena

| | |
|---|---|
| CLAYTON JAMES McCLOSKEY,<br><br>     Plaintiff,<br><br>vs.<br><br>BIG SKY SENIOR LIVING ON WATERFORD WAY, WATERFORD OPERATING, LLC, and JOHN & JANE DOES 1 - 5,<br><br>     Defendants. | No. CV-17-91-BU-SEH<br><br>**ORDER** |

Defendant filed a Notice of Removal in this Court on December 7, 2017.[1] The Notice grounds the Court's jurisdiction in 28 U.S.C. §§ 1331, claiming that Plaintiff's "Complaint seeks judgment against Waterford based upon claims of wrongful discharge from employment, as well as a claim for overtime compensation filed under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.*"[2]

A defendant removing a case from state to federal court has the burden of

---

[1] Doc. 1.

[2] Doc. 1 at 2.

establishing federal jurisdiction.[3] Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.[4] It is well-established that "federal question jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint . . . The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law."[5] Moreover, "a case may *not* be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint . . . ."[6]

Here, Defendant has not met its burden of establishing federal question jurisdiction. Fed. R. Civ. P. 12(h)(3) and applicable case law provide that "[t]he objection that a federal court lacks subject-matter jurisdiction . . . may be raised by a party, or by a court on its own initiative, at any stage in the litigation."[7]

ORDERED:

This case will be remanded to state court on December 15, 2017, unless

---

[3] *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

[4] *Gaus*, 980 F.2d at 566.

[5] *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citation omitted).

[6] *Caterpillar Inc.*, 482 U.S. at 393.

[7] *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006)(citation omitted).

Defendant files an amended notice of removal properly alleging jurisdiction on or before that date.

DATED this 8th day of December, 2017.

*Sam E. Haddon*
SAM E. HADDON
United States District Judge