W. Wayne Harper
HARPER LAW FIRM
35 West Granite
Butte, Montana 59701
Tel: 406.782.5729
Fax: 406.782.5863
wayne@wharperlaw.com
    Attorney for Plaintiff



FILED
JUN 05 2017

## MONTANA SECOND JUDICIAL DISTRICT COURT, SILVER BOW COUNTY

| | |
|---|---|
| CLAYTON JAMES McCLOSKEY, )<br>)<br>    **Plaintiff,** )<br>)<br>vs. )<br>)<br>BIG SKY SENIOR LIVING ON WATERFORD )<br>WAY, HEALTH MANAGEMENT SERVICES, )<br>LLC [an HMW Company], WATERFORD )<br>OPERATING, LLC, and DOES 1 – 5, )<br>)<br>    **Defendants.** )<br>_____ ) | Cause No. DV-16-437<br><br>**AMENDED<br>COMPLAINT AND<br>DEMAND FOR JURY** |

COMES NOW the Plaintiff, CLAYTON JAMES McCLOSKEY, and for his causes of action against the Defendants, BIG SKY SENIOR LIVING ON WATERFORD WAY, HEALTH MANAGEMENT SERVICES, LLC, WATERFORD OPERATING, LLC, and John & Jane Does 1-5 and complains and alleges as follows:

## JURISDICTION

1. Plaintiff, CLAYTON JAMES McCLOSKEY, is a Montana citizen living in the State of Montana, in Butte, Silver Bow County, Montana.

COMPLAINT AND DEMAND FOR JURY TRIAL      1

2. Defendant, BIG SKY SENIOR LIVING ON WATERFORD WAY, is a facility whose primary functions are to provide seniors with assisted or retirement living, with custom care plans to meet the needs of the residents. They also offer short term respite care services for anyone who may not be ready to go home when leaving a hospital but also may not need a skilled nursing home. Defendant, BIG SKY SENIOR LIVING ON WATERFORD WAY, is located in Butte, Montana.

3. Defendant, HEALTH MANAGEMENT SERVICES, LLC, on information and belief is a services LLC that operates several facilities such as or similar to Defendant, BIG SKY SENIOR LIVING ON WATERFORD WAY. It is located in Billings, Montana, but interacts almost daily with Defendant BIG SKY SENIOR LIVING ON WATERFORD WAY and its staff in Butte, Montana.

4. Defendant, WATERFORD OPERATING, LLC, on information and belief is a services LLC that operates several facilities such as or similar to Defendant, BIG SKY SENIOR LIVING ON WATERFORD WAY. It is believed to be located in Montana, but interacts almost daily with Defendant BIG SKY SENIOR LIVING ON WATERFORD WAY and its staff in Butte, Montana. Plaintiff notes that Waterford Operating, LLC has been mislabeled as Waterford Operation, LLC in prior state hearing between

these two parties, but upon information and belief feels that counsel for Waterford Operation, LLC simply mislabeled the corporate name.

5. Defendants JOHN & JANE DOES 1 through 5 are parties who acted on their own malice and aforethought to injure Plaintiff's employment relationship with the named Defendants via authority granted to them by the corporate Defendants. Upon information and belief, and as will be determined via discovery in this case, JOHN & JANE DOES 1 through 5 are residents of Butte, Silver Bow County, Montana and/or operate a business entity there.

6. Jurisdiction is proper with this Court as the employment at issue was made in Butte, Silver Bow County between the parties.

## FACTUAL ALLEGATIONS

7. This Complaint is based upon the individual actions for (1) wrongful discharge from employment, (2) overtime compensation, (3) statutory penalties, and (4) attorneys' fees.

8. Defendants, BIG SKY SENIOR LIVING ON WATERFORD WAY, HEALTH MANAGEMENT SERVICES, LLC, WATERFORD OPERATING, LLC, and JOHN & JANE DOES 1-5 acted together to make decisions to wrongfully terminate Plaintiff's employment. As management companies,

Defendants, HEALTH MANAGEMENT SERVICES, LLC, and WATERFORD OPERATING, LLC, it is believed, controlled the management and operation of Defendant, BIG SKY SENIOR LIVING ON WATERFORD WAY. Any activities of Defendant, BIG SKY SENIOR LIVING ON WATERFORD WAY were ratified by Defendants, HEALTH MANAGEMENT SERVICES, LLC and WATERFORD OPERATING, LLC, including the activities of its head administrator Lauri Yelenich and its Resident Care/Memory Care Director Nicole Guay. Defendants, BIG SKY SENIOR LIVING ON WATERFORD WAY, HEALTH MANAGEMENT SERVICES, LLC, WATERFORD OPERATING, LLC, and JOHN & JANE DOES 1-5, all ratified and approved the acts of its administrative team in the termination of Plaintiff's employment. Defendants, HEALTH MANAGEMENT SERVICES, LLC and WATERFORD OPERATING, LLC, are liable for the damages suffered by Plaintiff as alleged herein and should not be entitled to hide behind the corporate veil of its wholly run facility. All Defendants cannot be shielded from liability by the others and any attempts to do so are done as subterfuge to defeat public convenience and to justify the wrongful conduct of each other.

9. Plaintiff, Clayton McCloskey was first hired by Defendants in September 2013 as a Maintenance Director and began working on October

1, 2013. While the position notes a "director" status, Mr. McCloskey was recruited for the job with the use of a three page "Job Description" which noted the following in the upper left hand corner of page one:

> **Job Title**: Maintenance Director
> **Supervisor (title)**: Executive Director
> **FLSA Status**: Non-Exempt

The position, unequivocally, was a "Non-Exempt" position. Importantly, the three page Job Description had been revised in "04/2013", just months before Mr. McCloskey was hired for it.

10. The essential functions and working conditions of Mr. McCloskey's position are delineated at length in the Job Description and did not change during his two and three-quarter year employment history with the Defendants.

11. Pursuant to Montana Law and Federal Law, Plaintiff was a "non-exempt" employee and entitled to overtime compensation for all hours worked in excess of the criteria set forth by Montana Law and Federal Law, including but not limited to the Fair Labor Standards Act (FLSA) and Section 39-3-201 et seq., Montana Code Annotated.

12. Defendants failed to follow their own Policies and Procedures as delineated in writing in the Employee Manual. While not all inclusive,

Defendants violated their written Policies and Procedures as to (1) "Overtime for Non-exempt Employees"; (2) "Open Communication & Grievance Procedure"; (3) "Employee Classifications"; (4) "Call-In/Call-Back of Personnel"; (5) "Clocking In/Out"; (6) "Conduct and Behavior"; (7) "Courtesy"; (8) "Disciplinary Action"; (9) "Employee Personnel Policies"; (10) "Grievance Procedures"; (11) "Overtime Compensation"; (12) "Workplace Violence"; and (12) continual reference to employees being subject to "at will" standards which are not allowed in Montana after the probationary period has passed.

13. That on a Sunday, while not on shift, Mr. McCloskey was at the BIG SKY SENIOR LIVING ON WATERFORD WAY assisting with the running of a car show along with assisting a resident to enable him to participate in a car show. During his time on site, Mr. McCloskey was asked by a co-worker, who was not his supervisor, if he would retrieve a key from his working area and open her door. Based upon prior interactions over opening this employee's door in the past, he declined. Mr. McCloskey's co-worker, in response to his refusal and while within hearing range of other employees called Mr. McCloskey a "piece of shit". He responded to her in kind.

14. That subsequent to denying his co-worker's request to open a door, on the same Sunday, Mr. McCloskey's immediate supervisor asked him to open the co-worker's door. He followed for his supervisor's request and opened the door.

15. Further, on the same Sunday, Mr. McCloskey, after opening the co-worker's door, when asked about the co-worker by her direct reports, advised them in kind with her "piece of shit" comment about him.

16. That based upon the responsive actions of Mr. McCloskey on Sunday, he was terminated. Upon information and belief, Mr. McCloskey does not believe that any discipline of any kind, let alone termination, was done to the co-worker who began the issue.

## COUNT I

### Wrongful Discharge

17. Plaintiff incorporates the allegations contained in Paragraphs 1 through 16, as though herein restated.

18. The termination of Plaintiff was wrongful under the laws of the State of Montana in that:

> i) Clayton McCloskey's termination was not for good cause in violation of §39-2-904(b), MCA; and

ii) That the Defendants violated the express provisions of their written Policies and Procedures, in violation of §39-2-904(c), MCA.

## COUNT II
## Statutory Attorneys' Fees – Montana Law

19. Plaintiff incorporates the allegations contained in paragraphs 1 though 18 as though herein restated.

20. Plaintiff's suit to recover the benefits of employment which were vested in him, and which were wrongfully denied him by Defendants, constitute wages and benefits due to him under the wages and wage protection provisions of Montana law, §39-3-101, et seq., MCA.

21. That as a result of the Defendants' wrongful discharge, the Plaintiff has lost present and future wages and it has become necessary for him to enter into and maintain this lawsuit for the recovery of monies due.

22. That the resulting Judgment herein, as to that portion of Plaintiff's claim, must include a reasonable attorney's fee in favor of Plaintiff to be taxed as part of the costs in this case.

23. Defendants are liable to Plaintiff for his attorneys' fees and prosecution of this action, in an amount to be determined by the Court at the time of trial.

## COUNT III
## Overtime Compensation

24. Plaintiff incorporates the allegations contained in paragraphs 1 though 23 as though herein restated.

25. Plaintiff's Job Description denotes his FLSA Status" as "Non-Exempt".

26. Plaintiffs job duties and functions were mainly task and labor related and in the capacity of a non-supervisory worker; although he did direct the work of some underlings in his areas. Many of the hours he worked were over and above 40 hours per week. Additionally, Plaintiff was on call 24 hours per day, seven days per week.

27. During his two and three-quarter years of employment with the Defendants, Plaintiff was not paid at the legal rate of one and one-half times his base rate pay for overtime; which as shown on his pay stubs was between $22.50 per hour and $24.58 per hour for straight time pay.

28. The issues that lead to Plaintiff's termination are illustrative of his permanent on-call position and his work outside of the normal 40 hour work week. It was a Sunday and he was assisting a resident so that the resident could participate in a car show. His free time was interrupted by a co-worker, who was not his supervisor, who asked him to leave the resident, retrieve a spare key, and open her work area door. This was

followed up by another co-employee, his supervisor, requesting he do the same; which, to avoid being insubordinate, Plaintiff did. Plaintiff averaged at least 24 hours per week, every week of his employment, performing tasks outside of the 40 hour work week; whether by call-out or simply due to the workload.

29. Plaintiff worked at least 3,064.32 hours of overtime for which he did not receive any overtime compensation as required by law. If all hours of on-call are included, the total time is 25,206 hours. Plaintiff is entitled to overtime compensation for those hours worked at a rate of not less than one and one-half times the hourly wage rate at which he was employed for those hours worked pursuant to §39-3-405(1), MCA and for all hours on-call while he was unable to not be at liberty to be free from work.

## COUNT IV
## Claim for Statutory Penalty (§39-3-206, MCA)

30. Plaintiff incorporates the allegations contained in paragraphs 1 though 29 as though herein restated.

31. The Plaintiff has heretofore made demand, in writing, upon Defendants to pay the wages due him, but the Defendants have refused to do so. More than twenty (20) successive days have passed since the wages became due following Plaintiff's termination.

32.     As a result of Defendants' failure and refusal to pay wages due to Plaintiff, pursuant to the provisions of Montana law, §39-3-206, MCA, Defendants are liable for a penalty assessed as provided therein, or 110%.

## COUNT IV
## Claim for Statutory Penalty (§39-3-101, et seq, MCA)

33.     Plaintiff incorporates the allegations contained in paragraphs 1 though 32 as though herein restated.

34.     Plaintiff's suit to recover the wages and benefits or employment which were vested in him, and which should have been paid over to him without any further consideration of any kind on his part, constitute wages and benefits due him under the wage and protection provisions of Montana law, §39-3-101, et seq., MCA.  That as a result of Defendants' refusal to pay over the money due him as overtime compensation, it has become necessary for Plaintiff to hire an attorney and to maintain this lawsuit against Defendants.  Therefore, any resulting judgment herein must include a reasonable attorney fee in favor of Plaintiff to be taxed as part of the costs in this case.

35.     Defendants are liable to Plaintiff for his attorney's fees and prosecution of this action in an amount to be determined by the Court at the time of trial.

**WHEREFORE**, the Plaintiff, having fully set forth is claims herein, prays for judgment as follows:

1. For lost wages for documented overtime of $50,128.00 per year, together with all benefits, and overtime, for four years, as allowed by §39-2-905, MCA, less interim earnings, plus the loss of the economic value of all fringe benefits;

2. For payment of overtime compensation for at least 3,432 overtime hours worked;

3. For on-call overtime pay for 25,206 hours;

4. For a penalty assessment of 110% of all overtime compensation found to be due and owing;

5. For payment of attorney's fees reasonably incurred to enter into and maintain this suit;

6. For Plaintiff's costs of suit; and

7. For all such other relief which the Court deems equitable and just, including attorney fees allowed by law.

DATED this 5th day of June, 2017.

HARPER LAW

_____
W. Wayne Harper
Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues triable to a jury.

DATED this 5th day of June 2017.

                    HARPER LAW

                    */s/ W. Wayne Harper*
                    W. Wayne Harper
                    Attorney for Plaintiff